```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EASTMAN KODAK COMPANY,

                        Plaintiff,          05-CV-6594

            v.                              DECISION
                                            and ORDER
TELETECH SERVICES CORPORATION,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Eastman Kodak Company ("Kodak") brings this action pursuant to diversity jurisdiction against Defendant TeleTech Services Corporation ("TeleTech"), seeking injunctive and declaratory relief, and damages arising out of TeleTech's failure to perform its obligation under a Master Professional Services Agreement ("MPSA"). Specifically, Kodak contends that TeleTech breached its contractual obligation to provide Termination Assistance Services upon Kodak's request.

TeleTech denies Kodak's allegations and asserts affirmative defenses including failure to state a claim, contractual excuse and "unclean hands." Teletech also alleges seven counterclaims against Kodak for damages arising out of: a) Kodak's failure to make timely payment of certain costs and other charges billed by TeleTech in accordance with the terms of the MPSA; and b) Kodak's representations and commitment at the inception of the MPSA upon

which TeleTech reasonably relied to its substantial detriment.[1]

Kodak moves to dismiss TeleTech's fifth counterclaim for detrimental reliance/promissory estoppel, on grounds that the counterclaim was legally insufficient and TeleTech's detrimental reliance/promissory estoppel theory was defeated by the express terms of the MPSA.[2] TeleTech opposes Kodak's motion to dismiss the fifth counterclaim. For the reasons set forth below, I grant Kodak's motion to dismiss TeleTech's fifth counterclaim.

## BACKGROUND

On September 20, 2004, Kodak and TeleTech entered into a MPSA agreement for TeleTech to provide Kodak with comprehensive services for contact centers. In the agreement TeleTech agreed that, upon termination, TeleTech would provide certain Services, defined as Termination Assistance Services, on the terms and conditions set forth in the MPSA. Under Sections 4.3(a)(3) and 19.4(b) of the MPSA, TeleTech was obligated to provide Termination Assistance Services upon Kodak's request, regardless of the reason for the termination and regardless of any dispute or controversy.

On October 24, 2006, Kodak notified TeleTech by letter that

---

[1] TeleTech amended its answer to Kodak's complaint on June 26, 2007, and the answer contained eight counterclaims. However for purposes of clarity and because Kodak's motion to dismiss was filed on February 5, 2007, the Court considers the seven counterclaims listed in TeleTech's original answer to Kodak's complaint, filed on January 12, 2007.

[2] For purposes of clarity and because Kodak's motion to dismiss was filed on February 5, 2007, the Court refers to TeleTech's fifth counterclaim as it appears in TeleTech's original answer to Kodak's complaint, filed on January 12, 2007.

the MPSA was being terminated. Kodak intended to meet with TeleTech to plan the provisions of the Termination Assistance Services, pursuant to Section 4.3 of the Agreement. In reply TeleTech delivered written notice of Kodak's failure to make Minimum Revenue payments for the 2005 and 2006 contract years. Kodak disputed these Minimum Revenue Charges. TeleTech sent another letter to Kodak on November 17, 2006, discussing the effect of Kodak's non-payment of the Disputed Minimum Revenue Charges under Sections 4.3(a)(3) and 20.1 (b) of the MPSA. Further, TeleTech also stated that if the Disputed Minimum Revenue Charges were not paid, TeleTech had a right to terminate the provision of Termination Assistance Services.

Kodak claims that TeleTech's termination notice was in clear violation of the express provisions of the Agreement, which permit TeleTech to terminate the Agreement only for failure to pay undisputed charges, and require TeleTech to provide Services, including Termination Assistance Services, even when a dispute is pending. Accordingly, Kodak filed an action on November 29, 2006, alleging money damages in excess of $75,000 and requested the Court to grant declaratory and injunctive relief, as well as any further damages to be ascertained at trial.

## DISCUSSION

### I. Kodak's Motion to Dismiss

Rule 12(b) of the Federal Rules of Civil Procedure provides that every defense, in law or fact, to a claim of relief in any

pleading, whether a claim or counterclaim can be asserted in a responsive pleading. Rule 12(b)(6) provides that a pleader can make a defensive motion for failure to state a claim upon which relief can be granted, in place of a responsive pleading. When evaluating a Rule 12(b)(6) motion, the court must presume all factual allegations in the pleading to be true and view them in the light most favorable to the non-pleading party. See Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).

The court may grant a Rule 12(b)(6) motion only where, it appears beyond doubt that the non-pleading party can prove no set of facts in support of his claim which would entitle him to relief. See Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). For the reasons set forth below, I hereby grant Kodak's motion to dismiss TeleTech's fifth counterclaim.

**II. TeleTech's Promissory Estoppel claim is contradicted by the clear and unambiguous terms of the MPSA.**

TeleTech alleges that it reasonably relied to its substantial detriment on the representations and commitment of Kodak that all "in-scope covered" services would be launched and transitioned to TeleTech. Morever, TeleTech alleges that Kodak's failure to provide these services has caused TeleTech to sustain substantial damages including monetary damages in excess of $75,000.

To state a claim under the theory of promissory estoppel, a plaintiff must demonstrate that the defendant made a clear and

unambiguous promise, that the plaintiff reasonably relied on that promise, and that the plaintiff was injured as a result of his reliance on the promise. Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000). The doctrine of promissory estoppel is a "narrow doctrine" which generally applies only where there is no written contract, or where the parties' written contract is unenforceable for some reason. DDCLAB Ltd. v. E.I. Du Pont de Nemours and Co., 2005 WL 425495 at *6 (S.D.N.Y. Feb. 18, 2005).

To succeed on a claim of detrimental reliance/promissory estoppel, TeleTech must show that, 1) Kodak made a clear and unambiguous promise; 2) TeleTech reasonably relied on that promise; and 3) TeleTech was injured as a result of its reliance to Kodak's promise. The MPSA clearly contradicts TeleTech's claim that Kodak made a clear and unambiguous promise that it would provide all "in-scope covered" services to Kodak. The MPSA addresses the transition of services by Kodak to TeleTech in Section 4.2(e), which provides that:

> **Suspension or Delay of Transition Activities**. Kodak reserves the right, in its sole discretion, to suspend or delay the transition of all or any part of the Transition Services. If Kodak elects to exercise this right and Kodak's decision is based, at least in material part, on reasonable concerns about [TeleTech's] ability to perform the Services or [TeleTech's] failure to perform its obligations under this Agreement, Kodak shall not incur any additional Charges, Termination Charges, or reimbursable expenses in connection with such decision.

MPSA Section 4.2(e). TeleTech also agreed with Section 21.2 of the

MPSA which provided that there were no promises other than those set forth in the MPSA.

I find, that Kodak did not make a clear and unambiguous promise and therefore, TeleTech could neither have relied on such a promise nor suffered injury from it. To find that TeleTech could have reasonably relied on alleged extra-contractual obligations, would counter the agreements explicitly stated in the MPSA.

**III. Global Crossing is distinguishable from the instant case.**

In Global Crossing Bandwidth, Inc. v. PNG Telecommunications, Inc., 2007 WL 174094 (W.D.N.Y. Jan. 22, 2007), this Court held that, Plaintiff could proceed under a theory of promissory estoppel, because such a claim may be pursued in the event that the contract at issue is unenforceable. In Global Crossing, the contract at issue was a service contract pursuant to which the defendant agreed to purchase from the plaintiff "wavelength" services. Id. The contractual period was three years and the question before this Court was whether the defendant was bound to purchase or pay for plaintiff's services for the full three year term either contractually or under a theory of promissory estoppel. Id. The plaintiff in Global Crossing had alleged the existence of a contractual relationship which would have precluded plaintiff from proceeding under a theory of promissory estoppel. However, this Court reasoned that such a cause of action could be pursued in the event that the asserted contract was unenforceable, and allowed

plaintiff's promissory estoppel claim.

TeleTech argues that under <u>Global Crossing</u>, this Court should allow its claim of detrimental reliance/promissory estoppel, because in the event that the MPSA was rendered unenforceable, TeleTech would be allowed to recover its detrimental reliance theory. Because, TeleTech neither denied the presence of the MPSA nor denied the express terms contained in it, I find that the <u>Global Crossing</u> precedent cannot be applied to this case. In addition, at this point in the litigation and contrary to <u>Global Crossing</u>, TeleTech has already answered Kodak's complaint and neither party has claimed that the MPSA might be unenforceable.

Because, the terms of a written, integrated and enforceable contract must be given effect over purported extra-contractual representations, <u>see generally</u> <u>DDCLAB Ltd.</u>, 2005 WL 425495, I find that the MPSA explicitly held that there were no obligations or promises other than those listed in the contract. Therefore, TeleTech cannot make a claim under a detrimental reliance/promissory estoppel theory.

## **CONCLUSION**

For the reasons set forth above, Kodak's motion to dismiss TeleTech's fifth counterclaim is granted.

ALL OF THE ABOVE IS SO ORDERED.

                                       s/Michael A. Telesca
                                       MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
          July 11, 2007